**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

July 26, 2016

LETTER TO COUNSEL:

      RE:    *Tylnne Johnson v. Carolyn W. Colvin, Acting Commissioner of Social Security*
               Civil No. TJS-15-0251

Dear Counsel:

      On January 29, 2015, the Plaintiff, Tylnne Johnson ("Ms. Johnson"), petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 14 & 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 6 & 7.) I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

      Ms. Johnson protectively filed her applications for DIB and SSI on August 16, 2010, alleging that she became disabled on September 1, 2004. (Tr. 195-205.) Her claims were denied initially and on reconsideration. (Tr. 76-79.) A hearing was held before an Administrative Law Judge ("ALJ") on May 23, 2013. (Tr. 48-75.) On July 8, 2013, the ALJ determined that Ms. Johnson was not disabled under the Social Security Act. (Tr. 28-39.) On December 12, 2014, the Appeals Council denied Ms. Johnson's request for review, making the ALJ's decision the final, reviewable decision of the Agency.

      The ALJ evaluated Ms. Johnson's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Johnson was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since September 1, 2004. (Tr. 30.) At step two, the ALJ found that Ms. Johnson suffered from the severe impairments of "multiple hernias in abdominal/inguinal, status post surgery for recurrent hernias, bipolar disorder, and depression." (*Id.*) At step three, the ALJ found that Ms. Johnson's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr. 31-32.) Before proceeding to step four, the ALJ determined that Ms. Johnson retained the residual functional capacity ("RFC")

to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 41.6.967(a) except with the following limitations. The claimant can occasionally lift and carry up to 20 pounds. She can frequently lift and carry up to 10 pounds. She can stand/walk for a total of 2 hours in an eight-hour workday and sit for a total of 6 hours in an eight-hour workday. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She retains the ability to understand, remember, and carry out instructions concerning simple routine repetitive tasks. She can have occasional interaction with coworkers and no interaction with the general public.

(Tr. 32.)

At step four, the ALJ determined that Ms. Johnson had no past relevant work. (Tr. 38.) At step five, the ALJ determined that, considering Ms. Johnson's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (Tr. 38.) Accordingly, the ALJ found that Ms. Johnson was not disabled under the Social Security Act. (Tr. 39.)

Ms. Johnson raises four arguments on appeal: (1) the ALJ's RFC determination was unsupported by substantial evidence; (2) the ALJ failed to comply with the treating physician rule; (3) the ALJ's conclusion as to Ms. Johnson's credibility is not supported by substantial evidence; and (4) the ALJ failed to properly apply the special technique for evaluating mental impairments. Because I will remand this case on the grounds that the ALJ did not properly evaluate Ms. Johnson's RFC, I decline to address the remainder of Ms. Johnson's arguments. I express no opinion on whether Ms. Johnson should ultimately be found to be disabled.

The Fourth Circuit has considered the extent to which an ALJ's step three findings regarding a claimant's difficulties in maintaining concentration, persistence, or pace must be incorporated into the RFC determination. *Mascio*, 780 F.3d at 637-38. In *Mascio*, an ALJ found that a claimant had moderate difficulties in maintaining her concentration, persistence, or pace. *Id.* at 638. The ALJ's RFC assessment did not account for these difficulties or explain why they did not translate into any functional limitation. *Id.* The court held that an ALJ does not account for a claimant's limitations in concentration, persistence, or pace by restricting the claimant to simple, routine tasks or unskilled work. *Id.* This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* An ALJ's finding at step three that a claimant has difficulties in maintaining concentration, persistence, or pace does not require the inclusion of a corresponding limitation in the claimant's RFC, but an ALJ must nonetheless "explain why [such a limitation at step three] does not translate into a limitation in [the RFC]." *Id.*

At step three in this case, the ALJ found that Ms. Johnson has moderate difficulties "[w]ith regard to concentration, persistence, or pace." (Tr. 31.) Despite finding that Ms. Johnson was limited in this respect, the ALJ did not include a corresponding limitation in the RFC assessment. The Commissioner concedes this point. (ECF No. 17-1 at 8.) As the Court in *Mascio* noted, a limitation in an RFC restricting a claimant to "simple, routine tasks or unskilled work" is

not sufficient to address limitations with regard to concentration, persistence, or pace. 780 F.3d at 638.

The Commissioner argues that this error is harmless because the ALJ accounted for Ms. Johnson's difficulties in maintaining concentration, persistence, or pace in a hypothetical question to the vocational expert ("VE"). (ECF No. 17-1 at 8.) In framing this hypothetical question to the VE, the ALJ incorporated his RFC findings and included an additional limitation that tasks not be performed "at a production rate pace." (Tr. 69.) By excluding "production rate pace" work, the Commissioner argues, the ALJ accounted for Ms. Johnson's moderate limitations in maintaining concentration, persistence, or pace. (ECF No. 17-1 at 8-9.) This argument is unavailing.

An ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel,* 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986)). Likewise, an ALJ is free to pose numerous hypotheticals to the VE that may include alternative degrees of limitation, and "by doing so, is not binding himself to accept each hypothetical upon his full consideration of the entire record." *Matthews v. Comm'r. Soc. Sec.*, No. ELH-13-1720, 2014 WL 2738276, at *2 (D. Md. June 16, 2014).

If the ALJ had excluded "production rate pace" work from Ms. Johnson's RFC, this may have been adequate to account for her moderate limitations in concentration, persistence, or pace. *See e.g., Gair v. Comm'r. Soc. Sec. Admin.*, No. SAG-14-3652, 2015 WL 5774982, at *2 (D. Md. Sept. 28, 2015). Here, however, the ALJ did not incorporate this limitation into the RFC and the hypothetical question to the VE is not sufficient by itself to comply with *Mascio*. ALJs are not bound by the limitations included in hypothetical questions. It may be that the ALJ believed that Ms. Johnson was incapable of performing "production rate pace" work, but the ALJ made no such finding in his RFC determination or elsewhere in the opinion. For this reason, the ALJ's decision does not comply with *Mascio*. *See also Washington v. Colvin*, No. CBD-15-1553, 2016 WL 3632693 (D. Md. July 7, 2016) (concluding that an ALJ must incorporate findings regarding limitations in concentration, persistence, or pace in the RFC, even if the limitations are incorporated into the hypothetical question); *Henig v. Colvin*, No. TMD-13-1623, 2015 WL 5081619 (D. Md. Aug. 26, 2015); *Talmo v. Comm'r Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

Upon remand, the ALJ must incorporate Ms. Johnson's moderate limitations in concentration, persistence, or pace into the RFC assessment or explain why her moderate limitations in these areas do not require a corresponding limitation in the RFC.

For the reasons set forth herein, Ms. Johnson's Motion for Summary Judgment (ECF No. 14) and the Commissioner's Motion for Summary Judgment (ECF No. 17) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge